STATE EDWARDS ET AL., RELATORS, v. BOARD OF FREE-HOLDERS OF SUSSEX COUNTY.

Submitted March 20, 1908—Decided June 8, 1908.

1. It is not necessary as a condition precedent to the repairing of a public bridge by the board of freeholders that the overseer of the highway should give notice to the board under the provisions of the Bridge act (*Gen. Stat.,* p. 305), requiring the board to repair, as it is the duty of the board to take notice of such matters and act upon its own initiative.

2. The structure over the river Styx at Hopatcong held to be a public bridge and as such a continuation of the highway, which the board of freeholders are bound to maintain.

On demurrer to alternative writ of *mandamus.*

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and MINTURN.

For the relators, *Thomas M. Kays* and *Sherrerd Depue.*

For the respondents, *Lewis J. Martin* and *Charles J. Roe.*

The opinion of the court was delivered by

MINTURN, J.   The relators seek to compel the board of freeholders of Sussex county to repair a bridge over the river Styx, in the borough of Hopatcong, in that county, which the relators allege is a part of the public highway in that borough.

It is unnecessary to notice the first ground of objection concerning the *status* of the relators, since it is not discussed in defendant's brief.

The freeholders resist the performance of this work and deny that they are obligated to perform it, upon the ground that no notice, in writing, under the hand of the overseer of the highway, was given to the board of freeholders, as required by the Bridge act (*Gen. Stat., p.* 305), requiring them to perform the work in question, and that the alternative writ contains no such allegation.

While the duty of giving notice in such cases is required of the overseer, it is not made the legislative intent, nor would it accord with public policy, unless expressly required by legislation that the giving of such notice should be a condition precedent to the performance of a plain public duty by the freeholders; especially when the condition complained of has been brought to their knowledge, as alleged in the alternative writ. *Freeholders* v. *Hough,* 26 *Vroom* 628; *McKinley* v. *Chosen Freeholders,* 2 *Stew. Eq.* 164.

It is next urged that the structure described in the writ is not a bridge, but is a continuation of a road, and that the duty of maintaining it rests with the township committee.   It

is difficult to perceive any valid reason for differentiating the structure described in this writ as a bridge, from the structure usually conceived of in the general acceptation of that term. And when it is alleged, as in this writ, that lots have been sold on both sides of the river Styx bridge, as well as along the highway intersecting the river with reference thereto; and that the township has accepted both bridge and road; that the public have enjoyed the bridge as a necessary part of the road, for a period of years, during which time the board of freeholders repaired the bridge, and appointed a committee to make repairs, it becomes quite apparent that the structure described in this writ has become by general use and public acceptance a public bridge; and as such is a portion or continuation of the public road, which the board of freeholders are legally bound to maintain. *Whitall* v. *Freeholders of Gloucester,* 11 *Vroom* 302; 5 *Cyc.* 1079, and cases cited.

Finally, it is urged that the alternative writ is defective, in that it does not allege that the freeholders could not be relieved from repairing the bridge by building a new road, as provided by law. To which it is necessary only to say, that there is no legal requirement for such an allegation; and that until the freeholders have actually undertaken such work, or indicated by proper legal initiative their intention so to do, they cannot be relieved from the performance of an existing public duty.

Such a requirement would, of necessity, result in enabling a public body to excuse itself for the non-performance of public duty, by alleging that *in pectora* it harbored an intention to do otherwise than public convenience and necessity under existing conditions make it manifest should be done.

The relators are entitled to judgment on the demurrer, and a peremptory writ of *mandamus* will be allowed.